IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER A. KING,                                                          PLAINTIFF

CASE NO. 4:05-cv-4089

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff Christopher King, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (The Act).

**1. Procedural Background:**

On April 14, 2003, Christopher King filed an application for a period of disability and disability insurance benefits in which he alleged that he was disabled due to back injuries resulting from an automobile accident. (T. 57-59, 78). Mr. King's initial claim was denied, as was his subsequent request on reconsideration. (T. 35-36, 41-42). Following the denial of his claims, Mr. King made timely request for a hearing before an Administrative Law Judge (hereinafter, "ALJ"). (T. 43). A hearing was conducted by the ALJ on March 15, 2005, at which Mr. King's testimony

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

1

was presented, along with the testimony of a medical expert and a vocational expert. (T. 210-44) The ALJ issued an unfavorable decision on August 26, 2005, finding that Plaintiff was not disabled within the meaning of the Act. (T. 20). Plaintiff requested a review on the record on September 16, 2005. (T. 6-7). The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 16, 2005. (T. 3-5).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

2

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the residual functional capacity to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**[2]

    The Plaintiff appeals the decision of the Commissioner denying his claim of

---

[2] Because of the Courts ruling on the first two points of Plaintiff's appeal, I do not reach the merits of his third point of error regarding the ALJ's analysis of Plaintiff's subjective complaints of pain pursuant to *Polaski v. Heckler*, 739 F2d 1320 (8th Cir. 1984).

disability. He claims the ALJ's findings are not supported by substantial evidence in the record because the ALJ improperly found plaintiff capable of performing sedentary work. Plaintiff also claims the ALJ erred in discounting his complaints of pain. Plaintiff further argues the ALJ failed to evaluate the records of Michelle Lourens, an occupational therapist. The Defendant argues (1) substantial evidence supports the ALJ's decision of Plaintiff's ability to perform sedentary work; (2) the ALJ properly analyzed Plaintiff's complaints of pain under *Polaski*; and (3) the testimony of a vocational expert provided substantial evidence to support the ALJ's decision.

**A.  Plaintiff's Ability to Perform Sedentary Work and the RFC determination**

Plaintiff claims the ALJ's determination that he could perform sedentary work was not supported by substantial evidence. The Defendant argues substantial evidence is found in the record to support the ALJ's determination of Plaintiff's ability to perform sedentary work.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's Residual Functional Capacity ("RFC"). *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found that Mr. King could perform sedentary work, stating in its findings that Mr. King was able to sit for a total of four to six hours during an eight-hour work period. (T. 20) "Sedentary work" is defined as involving lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is generally defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. However, the walking and standing should be occasional, and the other previously mentioned sedentary criteria must be met. *See* 20 C.F.R. 404.1567(a). With sedentary work, "sitting should generally total approximately six hours of an eight-hour workday." *See* Social Security Ruling 83-10; *See also* 20 CFR § 404.1567.

I do not find the ALJ's decision that Plaintiff could engage in sedentary work was supported by substantial evidence. The ALJ found Mr. King could only sit for four to six hours during an eight-hour workday. (T. 20) However, the Commissioner's ruling establishes an expectation that an individual be able to sit for approximately six hours per day in order to satisfactorily perform sedentary work. *See* Social Security Ruling 83-10.

Mr. King noted that he could only sit for 15 to 20 minutes uninterrupted and that he could

sit for a total of less than five hours per day, after which he would be in extreme pain. (T. 231-32) He stated that he could not sit five hours in a day for two consecutive days. (T. 232). Mr. King estimated that he could sit and stand for a total of five hours during an eight-hour period and would have to lay down for the other three hours. (T. 232). This evidence does not support a finding of an ability to perform sedentary work.

Dr. Roshan Sharma examined Mr King on April 21, 2005. (T. 203). As part of this exam, Dr. Sharma found that Mr. King had the capacity to sit four (4) hours in an eight (8) hour day and stand and/or walk four (4) hours in an eight (8) hour day. (T. 207). This evidence does not support a finding of an ability to perform sedentary work.

Dr. Brett Dietze was Mr. Kings's neurosurgeon. Dr Dietze, in a letter dated January 14, 2004, indicated that Mr. King's injuries may interfere with his ability to sit in one position for long periods of time. (T. 185). Further he indicated that based on the fact that he is now 1 ½ years out of surgery, it is highly unlikely that significant improvement can be expected in the future. (T. 185).

## B. Record Medical Opinion of Michelle Lourens

Further undermining a determination that substantial evidence supports the finding by the ALJ that Mr. King can perform sedentary work can be found in the record of Michelle Lourens. (T. 201-202).[3] Ms. Lourens is an occupational therapist who performed an occupational capacity assessment of Mr. King on September 30, 2004. She indicated that Mr. King could sit, stand and walk for a total of two to five hours in an eight-hour work period, that he could sit for 15 minutes

---

[3] The Defendant argues that the record of Ms. Lourens should not be considered an acceptable medical source. *See* Defendant's Brief at 3. The regulations list other acceptable medical sources which include reports of occupational therapists. *See* 20 C.F.R. § 404.1513(d).

without interruption and that he should avoid vibrations. (T. 201-02).

The ALJ determines "a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211 (8th Cir. 2001). An ALJ is required to evaluate every medical opinion received. *See* 20 C.F.R. §§404.1527(b) and 416.927(b). In the case at bar, there is no indication that the ALJ acknowledged Ms. Lourens' conclusions as set forth in the RFC form contained in the record. Consequently, remand of this case is necessitated in order to give proper consideration to the medical evidence provided by Ms. Lourens.

### 4. Conclusion:

The Court has reviewed all of the relevant medical records and briefing in this case. I find, based on the forgoing that no substantial evidence supports the finding of the ALJ that Mr. King is capable of performing sedentary work. This matter should be remanded to the ALJ to determine whether Mr. King has the ability to sit for the amount of time required of sedentary work, whether Mr. King has the ability to perform such sedentary work on a continuing basis and for consideration of the record evidence of Michelle Lourens's assessment of Mr. Kings occupational capacity. A judgment remanding this case for further consideration consistent with these findings will be entered.

**ENTERED** this **13th day of April,2007.**

/s/  Barry A. Bryant
HON.  BARRY  A. BRYANT
U. S. MAGISTRATE JUDGE